BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant MAKER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>                  Plaintiff,        )<br>                                    )<br>         v.                        )<br>                                    )<br> ANDREW MAKER                       )<br>                                    )<br>                  Defendant.        )<br>_____) | No. CR 07-00721 MAG<br><br>MOTION TO COMPEL<br>DISCLOSURE OF GOVERNMENT<br>CONFIDENTIAL INFORMANT AND<br>OTHER MATERIAL INFORMATION<br><br>Honorable Elizabeth D. Laporte<br>March 4, 2008<br>10:30 a.m. |

### INTRODUCTION

Mr. Andrew Maker is before this Court based entirely upon the statements of an unnamed, and unidentified individual.  According to the discovery, this person is the lone victim of and sole witness to the alleged incident underlying this case.  In failing to provide any material revealing the identity of this individual, the government has constructively conferred upon her the status of Confidential Informant ("CI").  Given the centrality of the CI's credibility in this matter, information allowing the defense to identify and investigate the CI is essential to Mr. Maker's ability to prepare his case for trial.  Mr. Maker respectfully requests that the Court order the government to disclose immediately the identity of the CI and all other information relevant to her credibility and character.

MOTION TO COMPEL                   - 1 -

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 30, 2007 a security guard for the Fort Mason Blues Festival accused Mr. Andrew Maker of spitting on and shoving a gate into her during a disagreement as to whether Mr. Maker was sufficiently handicapped to enter the festival through the handicapped gate. It appears that Mr. Maker has been charged with simple assault within the special maritime jurisdiction of the United States based entirely upon the accusation of this security guard.

Mr. Maker made his initial appearance in district court on December 18, 2007. Undersigned counsel received discovery from the government in this matter on December 20, 2007. The discovery is redacted in a manner that conceals the name, employer and all other identifying information relating to the one individual on whose accusation the entire prosecution is based. As the parties have to date been unable to reach a mutually agreeable disposition of the case, a motion schedule was set by this Court on January 29, 2008.

**ARGUMENT**

Under the test established by the landmark Supreme Court case *Roviaro v. United States,* 353 U.S. 53 (1957), Mr. Maker is entitled to disclosure of the Confidential Informant's name, her whereabouts, and her communications with the government. This disclosure must be made in a timely manner to permit necessary pretrial interviews and investigation.

Furthermore, the government has a duty to obtain and disclose additional information regarding the bias and credibility of the informant pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), *United States v. Bagley,* 473 U.S. 667 (1985), and *Kyles v. Whitley,* 514 U.S. 419 (1995). This information also must be provided in a timely manner so that the defendant can make use of it in evaluating the appropriate disposition of his case.

**I.   MR. MAKER IS ENTITLED TO DISCLOSURE OF THE IDENTITY, WHEREABOUTS, AND GOVERNMENT COMMUNICATIONS WITH THE CONFIDENTIAL INFORMANT**

The Supreme Court has long held that the defendant in a criminal case is entitled to disclosure of the identity and whereabouts of a government informant, and to "the contents of his

communication" with the government, if disclosure is "relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). In such circumstances, the limited privilege of the government to withhold this information "must give way." *Id.* at 61; *see also United States v. Ordonez,* 737 F.2d 793, 809 (9th Cir. 1984). Disclosure is warranted if the defendant has "more than a 'mere suspicion' of the value of the informant's identity," and the need for disclosure outweighs any countervailing interests in maintaining the informant's anonymity. *United States v. Amador-Galvan,* 9 F.3d 1414, 1417 (9th Cir. 1993).

Mr. Maker has far more than the requisite "mere suspicion" of the value of the identity of the CI in the case against him. Aside from Mr. Maker himself, the CI appears to be the only witness to the incident on which this prosecution is based. Thus, the government's case against Mr. Maker turns entirely upon the testimony and credibility of the CI.

Once--as here--the defendant has made a showing that information regarding an informant would be relevant and helpful, the Court must "then apply a balancing test, weighing the public interest in encouraging citizens to inform the government about criminal activity, against an accused's right to prepare his defense." *Amador-Galvan*, 9 F.3d at 1417; *see also Roviaro,* 353 U.S. at 62. The Supreme Court in *Roviaro* suggested several factors for this weighing test, including "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *see also Ordonez*, 737 F.2d at 808. Each of these factors supports disclosure in the case before the Court.

First, as noted above, Mr. Maker is charged with assault within the special maritime jurisdiction of the United States. However, the CI is the only alleged victim of and witness to the underlying incident. Where the only witness connecting the defendant to the charged crime is a confidential informant, this factor weighs heavily in favor of disclosure. *See, e.g., Roviaro,* 353 U.S. at 64-65 (reversing conviction due to failure of trial court to order disclosure of the identity of the confidential informant, who was "the only witness in a position to amplify or contradict the

MOTION TO COMPEL              - 3 -

testimony of the government witnesses"); *cf. United States v. Sae Keung Wong,* 886 F.2d 252, 256 (9th Cir. 1989) (disclosure may not be warranted where confidential informant is not "the only person with material information of the key evidence" against the defendant).

Second, Mr. Maker's defense is likely to involve a direct contradiction of the CI's recount of the incident on which this prosecution is based. The fact that this defense relies in significant part upon a challenge to the credibility of the CI also weighs heavily in favor of disclosure of information sufficient to allow Mr. Maker to investigate her background and character. Should he choose to testify on his own behalf the government will presumably be prepared to impeach Mr. Maker with every element of his background that this Court and the Federal Rules of Evidence will allow. Mr. Maker should not be denied an equal opportunity to investigate, contradict and confront the only government witness to the actions with which he is charged.

Third, the CI's testimony will be of enormous significance to the defense. In *Roviaro*, the Supreme Court emphasized that "the desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, [is] a matter for the accused rather than the government to decide." 353 U.S. at 64. In the present case, Mr. Maker believes that it is critical to interview and investigate the CI since, as discussed above, the CI is the only witness to the incident underlying this case. Thus, the central significance of the CI's testimony to the defense weighs heavily in favor of disclosure.

No other factors weigh against disclosure. The government may argue that concern for the safety of the witness should preclude disclosure. In the present case, however, the government can make no showing that disclosure of the CI's identity would place her in danger. Assuming all of the government's allegations as true, this case involves a chance encounter between a festival security guard and a 59 year old man wielding saliva as his only weapon. This is not a racketeering action in which redacted discovery is begrudgingly provided in lieu of no discovery at all. There is no indication of any prior or subsequent relationship between Mr. Maker and the CI, no history of domestic violence between accuser and accused. In the absence of a

MOTION TO COMPEL                - 4 -

particularized showing by the government of actual danger to the CI, the CI's identity, whereabouts and communications with the government must be disclosed based upon the factors discussed above.[1] Moreover, where the defendant makes a strong showing of the need for information regarding the informant, the Ninth Circuit has required disclosure even when the district court has found "a strong concern for the public interest as well as the safety of [the informant]." *Ordonez,* 737 F.2d 793, 808-09 (9th Cir. 1984). In *Ordonez,* for example, the denial of the defendant's motion to disclose the informant's identity was held to be an "error of constitutional dimension," notwithstanding the finding of "potential danger to the informer." *Id.* at 809. Pursuant to all of the factors in the balancing test set out in *Roviaro,* the Court should order the government to disclose the identity and whereabouts of the confidential informant, and all communications between the informant and the government.

## II. MR. MAKER IS ENTITLED TO OTHER MATERIAL INFORMATION REGARDING THE CONFIDENTIAL INFORMANT

Apart from the considerations of *Roviaro,* the government has a duty to disclose material evidence relating to the informant to the extent that it is either exculpatory or would tend to impeach a government witness. The Court should order the government to disclose the requested information.

The Supreme Court's decision in *Brady v. Maryland* requires the government to furnish the defendant with all favorable evidence material to the issue of guilt or punishment. *See* 373 U.S. 83, 87 (1963). The Ninth Circuit has long encouraged a liberal construction of the *Brady* disclosure rule: "[A]n elemental sense of fair play demands disclosure of evidence that in any way may be exculpatory . . . . [T]he government should resolve all doubts in favor of disclosure . . . since disclosure could cause no harm to the Government while suppression could very well

---

[1] Should the government produce information now unknown to the defendant somehow making such a particularized showing of danger to the CI, this Court must hold an evidentiary hearing to develop a factual record regarding the *Roviaro* factors. *See, e.g., United States v. Spires,* 3 F.3d 1234, 1238 (9th Cir. 1993) (reversing district court's denial of motions to suppress and to disclose informant in light of court's failure to hold *in camera* hearing).

MOTION TO COMPEL                - 5 -

1  prejudice the defendant." *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976).

2      Evidence tending to impeach the credibility of a government witness is covered by the *Brady*
3  requirements. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *see also United States v.*
4  *Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986). The fact that exculpatory evidence may concern an
5  informant does not relieve the government of its burden under *Brady* and its progeny. *See United*
6  *States v. Van Brandy*, 726 F.2d 548 (9th Cir. 1984).

7      The Court should order the government immediately to disclose the requested information
8  within its custody or control. Moreover, the government has an "affirmative duty" to investigate
9  and obtain additional information that may not yet be within its custody or control. *Kyles v.*
10 *Whitley*, 514 U.S. 419, 432 (1995). Pursuant to *Kyles,* the government must "learn of any
11 favorable evidence known to others acting on the government's behalf in the case, including the
12 police." *Id.* at 437. All of this information must be made available to the defendant in a timely
13 manner so that it may be taken into consideration in evaluating the appropriate disposition of his
14 case. *See Sanchez v. United States,* 50 F.3d 1448, 1453 (9th Cir. 1995).

15 **CONCLUSION**

16     For the aforementioned reasons, the Court should enter an order compelling the government
17 to produce all of the requested discovery and/or disclosures forthwith.

19 Dated: February 5, 2008

20                         Respectfully submitted,

21                         BARRY J. PORTMAN
                           Federal Public Defender

23                           /s/

24                         ERIC MATTHEW HAIRSTON
                          Assistant Federal Public Defender