JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> ANDREW MAKER, <br>     Defendant. | No. CR 07-00721-MAG <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF VICTIM'S IDENTITY AND PERSONAL IDENTIFYING INFORMATION <br><br> Hearing Date: March 4, 2008 <br> Time:       10:30 A.M. <br> Judge:    Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

The United States hereby submits its opposition to defendant Andrew Maker's ("Defendant") motion to compel disclosure of the identity and personal identifying information of the victim in this case. Contrary to Defendant's contention that he is entitled to disclosure of this information, the United States is not obligated to turn over such information at this time.

## II. STATEMENT OF FACTS

On September 30, 2007, a security guard ("Victim") was working the disabled access gate for a special event held at Fort Mason. Defendant approached the gate in an attempt to gain entry. Victim told Defendant that the main entrance to the event was on the opposite side of the park. Defendant told Victim that he was handicapped and Victim asked defendant whether he

1  had a blue handicap placard. Defendant became agitated and accused Victim of harassing him,
2  to which Victim responded she was only doing her job. Defendant handed Victim the ticket and
3  began pushing the gate open. As Victim was unable to verify whether Defendant was supposed
4  to enter through the disabled access gate, she returned Defendant's ticket to him and told him to
5  enter through the main entrance gate. As she attempted to close the disabled access gate,
6  Defendant shoved the gate into Victim's torso, calling her names like "bitch" and "hoe", spat in
7  the Victim's face and then walked away cursing.
8        After Defendant was stopped by security per Victim's request, Victim positively
9  identified Defendant as the person who assaulted her. In response, Defendant accused the police
10 officers of "taking the white bitch's side and trying to keep the black people down." After being
11 initially uncooperative and making accusations towards the officers, Defendant subsequently
12 admitted that he had an altercation with Victim.

### III. ARGUMENT

**A. DEFENDANT IS NOT ENTITLED TO DISCLOSURE OF THE IDENTITY AND PERSONAL IDENTIFYING INFORMATION OF THE VICTIM.**

    **1. THE DEFENSE HAS NOT MADE A SHOWING UNDER RULE 16 THAT DEFENDANT NEEDS THE INFORMATION.**

*United States v. Richter* sets forth the Ninth Circuit's position on providing the identities of government witnesses. *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973). If a defendant desires discretionary disclosure of the government's witnesses, he should make the showing similar to that required by rule 16(b). If the court wishes to entertain the motion and if the government feels that it has a valid reason for resisting that discovery, it should move for a protective order similar to that provided for under rule 16(e). This ensures that there is an adequate basis for requesting such discovery and will afford the government a known method for resisting the request. It is incumbent on the district court to consider the government interests asserted in light of the materiality shown and without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion. *United States v. Mandel*, 914 F.2d 1215 (9th Cir. 1990); *see also United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984); *United States v. Payseur*, 501 F.2d 966 (9th Cir. 1974);

*United States v. Spagnuolo*, 515 F.2d 818 (9th Cir. 1975).

Here, defendant's motion has made no factual showing to justify the disclosure and for that reason alone defendant's motion may be denied.  Under Federal Rule of Criminal Procedure 16, there is no provision for disclosing names or address of government witnesses.  Furthermore, "defendant bears the burden of demonstrating a need for disclosure of a confidential informant's identity.  He must show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial."  *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993).

While the United States agrees that a defendant is entitled to materials relevant to his or her case, the disclosure of Victim's identity is not warranted here.  Defendant relies on *Rovario v. United States* in arguing that he is entitled to disclosure of Victim's name, Victim's whereabouts, and Victim's communications with the government.  *Rovario v. United States*, 353 U.S. 53 (1957).  Defendant has failed to point out *Rovario* involved the identities of a confidential informant, not a crime victim, and the *Rovario* court also clearly stated "no fixed ruled with respect to disclosure is justifiable.  The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62.

Defendant's reliance on *Rovario* in claiming he is entitled to disclosure is misplaced.  In addition to the *Rovario* court stating that the rule regarding disclosure is not fixed, Defendant is not situated similarly enough to the facts in *Rovario* that would render the *Rovario* holding absolute.  In *Rovario*, Defendant made clear that disclosure of the confidential informant's identity would be used to confirm or contact government witnesses that were material to the case.  Here, Defendant has only cited inquiries regarding the Victim's bias and credibility rather than more articulable reasons.  While the Defendant has a right to a fair trial, this right must be weighed against the Victim's safety.

In *United States v. Jordan*, the Court held that denial of a motion to compel disclosure is proper if the defense attorney is told of the substance of the witness' direct examination testimony ahead of time, even if in an informal manner.  *United States v. Jordan*, 466 F.2d 99,

101 (4th Cir. 1972), *cert. den.* 409 U.S. 1129 (1973).  This is also consistent with the Jencks Act.  18 U.S.C. § 3500.  In *Jordan*, the defense counsel met informally with the United States Attorney prosecuting the case.  During that meeting, the defense attorney was informed of the substance of the testimony which the two eyewitnesses to the attack would provide on direct examination.  The United States Attorney, however, refused to disclose their identities.  In ruling on the Defendant's motion to compel disclosure of the eyewitnesses, the Court of Appeals held that the motion was properly denied.

In the instant case, defense counsel has been provided with a copy of the Victim's written statement in which she provides a comprehensive account of the incident on September 30, 2007.  Having received the Victim's statement, Defendant is aware of the substance of her testimony and disclosure of her identity is not necessary under these circumstances.

### 2. THE GOVERNMENT HAS A HEIGHTENED DUTY TO PROTECT THE VICTIM IN THIS CASE AND THE FACTS OF THIS CASE DO NOT WEIGH IN FAVOR OF DISCLOSURE.

In *United States v. Price*, the Court described numerous factors helpful to exercising judicial discretion in determining whether the government should be ordered to turn over the identity of its witnesses.  *United States v. Price*, 448 F. Supp. 503 (D. Colo 1978).  There, in support of defendant's motion for disclosure of government's witnesses, defendant set forth that: (1) the offense alleged did not involve a crime of violence; (2) the defendant had no prior criminal history and no history of violence; (3) the bulk of evidence related to testimony about documents which, by their nature, are not easily altered; (4) supplying the witnesses names prior to trial would not increase the likelihood that the government's witnesses would fail to appear or refuse to testify at trial; (5) the case was complex and difficult; and (6) the defendant did not have the funds with which to investigate and prepare his defense.  *Price*, at 505.

The government has examined the same factors in the instant case and believes they support the government's position that disclosure of the Victim's identity is not warranted: (1) the crime charged in this case is a crime of violence; (2) the defendant has prior convictions for battery and carrying a concealed weapon; (3) the defendant has already been provided with a

Victim statement which summarizes her testimony; (4) defendant's communications with the Victim could result in her refusing to testify; (5) this is a relatively simple and straightforward case; (6) the defendant is represented by the Federal Public Defender's Office, which is comprised of highly qualified attorneys and seasoned investigators.

Given that the crime charged in this case involves violence, the United States has a heightened duty to protect the Victim by withholding her identity. On the day of the incident, she was an employee who was merely trying to do her job. The government's obligation to protect the Victim is paramount.

**B.    DEFENDANT IS NOT ENTITLED TO OTHER MATERIAL INFORMATION REGARDING THE VICTIM.**

With respect to "other material" information referred to by defense counsel, the United States is unable to address this issue in the absence of Defendant's articulation of what is considered material information. Here, the United States object to turning over the following information:

1.   Victim's name
2.   Victim's address
3.   Victim's phone number
4.   Victim's date of birth
5.   Victim's social security number

### IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny Defendant's Motion to Compel Disclosure of the Victim's Identity. In the alternative, the government requests that this Court order the disclosure of the information subject to an appropriate protective order.

Respectfully submitted,

DATED:  2/12/08

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WENDY THOMAS
Special Assistant United States Attorney

U.S. OPP. TO DEF. MOTION TO COMPEL
CR 07-00721 MAG                     5