```
 1  BARRY J. PORTMAN
    Federal Public Defender
 2  ERIC MATTHEW HAIRSTON
    Assistant Federal Public Defender
 3  450 Golden Gate Avenue
    San Francisco, CA  94102
 4  Telephone:  (415) 436-7700

 5  Counsel for Defendant MAKER
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00721 MAG (EDL) |
| Plaintiff, ) | |
| ) | REPLY TO GOVERNMENT'S |
| v. ) | OPPOSITION TO MOTION TO COMPEL |
| ANDREW MAKER ) | |
| ) | Honorable Elizabeth D. Laporte |
| Defendant. ) | March 4, 2008 |
| ) | 10:30 a.m. |

## INTRODUCTION

The government seeks to deny Andrew Maker his right to effective confrontation and cross-examination in a case where conviction or acquittal rests entirely on the credibility of one government witness.  Mr. Maker cannot defend the case before the Court without the opportunity to investigate his sole accuser and develop the basic tools of witness impeachment such as evidence of bias, poor reputation for honesty, prior convictions and prior inconsistencies. Accordingly, Mr. Maker respectfully requests that the Court grant his Motion to Compel and permit him to prepare his case for trial.

//

//

REPLY TO OPPOSITION TO                - 1 -
MOTION TO COMPEL

# ARGUMENT

## I. MR. MAKER HAS CLEARLY ESTABLISHED THAT THE REQUESTED INFORMATION IS CRITICAL TO HIS DEFENSE

As set forth in Mr. Maker's original Motion and the government's Opposition, disclosure of witness identifier information is warranted where the defendant has "more than a 'mere suspicion' of the value of the informant's identity." *United States v. Amador-Galvan,* 9 F.3d 1414, 1417 (9th Cir. 1993). Here, Mr. Maker has articulated far more than the requisite "mere suspicion" of the value of the identity of the witness in the case against him. As previously noted, there appears to be only one witness to the incident on which this prosecution is based. The testimony of this one witness is expected to comprise substantially all of the evidence by which Mr. Maker's guilt or innocence will be determined. Perhaps the witness is honest, forthright and certain of her ability to accurately recall the incident at issue. Perhaps she is laden with criminal convictions and known to her own family as a cheat and a fraud. She may have been heavily intoxicated at the time of the incident or foregoing a regimen of pills prescribed to stabilize a volatile psychiatric condition. Was she dismissed from her job after a dozen false reports? Admonished by her manager for making unsubstantiated allegations against other festival attendees? Has she given multiple accounts of the incident, each with a new and contradictory embellishment? Without the ability to conduct a thorough investigation, Mr. Maker's cross-examination of this witness will be limited to empty speculation in the manner set forth above or a resigned acceptance of the facts as she chooses to present them. Neither such option preserves Mr. Maker's right to an effective confrontation of the one witness against him.

## II. THE GOVERNMENT HAS FAILED TO PRESENT A GENUINE AND PERSUASIVE CONCERN FOR WITNESS SAFETY

The government's assertion of its "heightened duty" to protect the witness in this case amounts to little but an attempt to handicap Mr. Maker's defense by cynically adopting the rhetoric associated with RICO indictments, gang prosecutions and the most violent conspiracies

REPLY TO OPPOSITION TO         - 2 -
MOTION TO COMPEL

charged in this district.  While perhaps valid in certain aforementioned cases, no allegation of heightened concern for witness safety can be applied to this simple misdemeanor without the requisite nod to farce and parody.  Mr. Maker is a diminutive man of nearly 60 years who approaches the lectern with an unhurried shuffle as his case is called.  The firearm conviction so casually referenced by the government took place in the first year of the Jimmy Carter presidency.  His misdemeanor battery from twelve years past in no way supports the government's miserly position on discovery in the instant case.  Indeed, the government has made no credible showing that Mr. Maker possesses the resources, wherewithal, or interest to endanger a witness with whom he had no relationship prior or subsequent to the incident at issue.  Mr. Maker's sole interest is the effective investigation and defense of his case, and he thus respectfully asks this Court to grant his motion and permit him to confront the witness against him at trial.

## CONCLUSION

For the aforementioned reasons, Andrew Maker respectfully asks this Court to enter an order compelling the government to produce the requested disclosures forthwith.

Dated:  February 15, 2008

                                Respectfully submitted,

                                BARRY J. PORTMAN
                                Federal Public Defender

                                /s/

                                ERIC MATTHEW HAIRSTON
                                Assistant Federal Public Defender