BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MAKER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07-00721 EDL |
| Plaintiff, | ) ) ) | DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT |
| v. | ) ) | OF MOTION FOR ACQUITTAL UNDER FEDERAL RULE OF CRIMINAL |
| ANDREW MAKER, | ) ) | PROCEDURE 29(a); PROPOSED FINDINGS OF FACT & CONCLUSIONS |
| Defendant. | ) ) | OF LAW |

"There is nothing more crucial, yet so strikingly obvious, as the need to prove the jurisdictional element of a crime." *United States v. Leslie*, 103 F.3d 1093, 1103 (2d Cir. 1997). Obvious obligations are occasionally overlooked. In its prosecution of Mr. Andrew Maker, the government has failed to prove beyond a reasonable doubt that any incident described at trial took place within the special maritime and territorial jurisdiction of the United States. It is on this basis that Mr. Maker hereby moves this court for judgment of acquittal under Federal Rule of Criminal Procedure 29(a).

///

///

Motion for Acquittal & Proposed Findings
CR 07-00721 EDL                                                              1

## PROCEDURAL HISTORY

On November 15, 2007, Mr. Andrew Maker was charged with committing simple assault within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5). A bench trial was held before this court on June 18, 2008. Mr. Maker moved for entry of judgment of acquittal at the close of the government's case-in-chief against him. The motion was denied, and Mr. Maker renewed his motion after the close of all evidence.

## STATEMENT OF FACTS

The government alleges that on or about September 30, 2007, Mr. Maker spat in the face of security guard Connie Sue Redman after being denied entrance through the disabled gate of the San Francisco Blues Festival. Officer Neil Wu of the United States Park Police conducted an arrest of Mr. Maker on the same date.

At trial, Ms. Redman testified on direct examination that on September 30, 2007 she was working as a private security guard at Fort Mason. *See* Reporter's Transcript at 3:15-20. Ms. Redman later explained that the disabled gate at which she was positioned was temporary, established only during the Blues Festival. *Id*. at 9:5-9. Ms. Redman's testimony was not supported by any map, photograph or other evidence demonstrating that this temporary gate was located within the jurisdictional boundaries of Fort Mason or the Golden Gate National Recreational Area.

Officer Wu testified on direct examination that on September 30, 2007 he was working at the Blues Festival in Upper Fort Mason, in the Golden Gate National Recreational Area. *Id*. at 23:4-7. During cross examination, Officer Wu admitted that he did not observe any incident between Mr. Maker and Ms. Redman. Officer Wu further testified that he had not taken any photographs, made any diagrams, or otherwise inspected the location at which the alleged incident took place. *Id*. at 27:1-3; 26:14-25. At no time during trial did Officer Wu testify that he had personal knowledge of the location of the temporary disabled gate or that such gate was located within the jurisdictional boundaries of Fort Mason or the Golden Gate National

Recreational Area.

## ARGUMENT

Title 18 § 113(a)(5) requires that the government prove as an essential element that the offense occurred within the special maritime and territorial jurisdiction of the United States. Here, the only evidence introduced at trial regarding the location of the alleged incident came from Ms. Redman, who could offer only a layperson's belief that she was within Fort Mason when the alleged offense occurred. Such evidence is plainly insufficient to prove the crucial jurisdictional element of § 113(a)(5) beyond a reasonable doubt.

When federal jurisdiction is an essential element of a crime, it is necessary not only to prove that the charged offense was committed, "but also to establish the situs where committed and show that such situs was within the jurisdiction of the United States." *Krull v. United States*, 240 F.2d 122, 127 (5th Cir. 1957). While there is no clear requirement as to the type or quantity of jurisdictional evidence presented at trial, a combination of testimonial and demonstrative evidence has generally been found sufficient to place the charged incident within federal jurisdiction. For example, in *United States v. Wilson*, 535 F.2d 521 (9th Cir. 1976), the Ninth Circuit affirmed a conviction for possession of stolen money orders within the special territorial jurisdiction of the United States. The Court held that the government had sufficiently established federal jurisdiction by introducing letters of cession regarding the Navy bases at issue, a map of the areas which was authenticated by a Navy realty specialist, and testimony from both Navy employees at exchanges where the defendant had attempted to use money orders and the FBI agent who had found money orders in the defendant's vehicle. *Id*. at 523.

In *Krull*, the Fifth Circuit affirmed rape convictions where the government introduced at trial both testimony and documentary evidence to establish that the offenses took place in a park under federal jurisdiction. 240 F.2d at 127. The government called a park officer to testify as to the possession and control of the area by the United States, introduced a map of the park's boundaries which was authenticated by the supervising draftsman of the Army Corps of

1  Engineers, introduced an authenticated book about U.S. military reservations featuring a
2  description of the park and a history of the tracts of which it was comprised, and called a witness
3  whose testimony located one of the offenses within the park boundaries through reference to the
4  admitted map. *Id*. at 128, 130.  The Court held that the government had properly established
5  federal jurisdiction, as the government's evidence (1) showed that the United States had
6  jurisdiction over the park, (2) demonstrated the boundaries of the park, and (3) proved that the
7  charged offenses were committed within its confines. *Id*. at 127.

8  Similarly, in *Volk v. United States,* 57 F.Supp.2d 888 (N.D. Cal. 1999), the U.S. District
9  Court held that sufficient evidence of jurisdiction had been presented where the U.S. Park Police
10 officer who conducted a traffic stop of the defendant within the Presidio established, with
11 assistance of illustrative diagrams, (1) that he had personal knowledge of the boundaries of the
12 Presidio, (2) that the area of the traffic stop was located within such boundaries, and (3) that the
13 Presidio was under federal jurisdiction[1]. *Volk*, at 893.

14 In contrast to the cases noted above, the government's case against Mr. Maker made no
15 attempt to establish the jurisdictional boundaries of Fort Mason or to demonstrate that any
16 charged conduct took place within such boundaries.  Connie Sue Redman's layperson testimony
17 that she was at Fort Mason cannot establish beyond a reasonable doubt that the temporary
18 disabled gate at which she was positioned was located within the special maritime and territorial
19 jurisdiction of the United States.  Unlike the witnesses who testified in *Wilson, Krull* and *Volk*,
20 Ms. Redman did not establish the location of the incident she described through reference to an
21 authenticated map, drawing, photograph, or other demonstrative means of establishing that the
22 incident took place within the boundaries of federal jurisdiction.  *See Wilson*, 535 F.2d at 523;

---

[1] The court noted that while the question of whether the Presidio is under federal jurisdiction would be an appropriate subject of judicial notice, "[c]ounsel is certainly correct that the government was required to prove that defendant committed the offense on federal land.  If it had failed to submit evidence regarding the location of the offense, it may very well be inappropriate for the Court to take judicial notice of the fact that the offense took place on the Presidio, because that would be tantamount to taking judicial notice of an essential element of the crime." Id., at FN 2.

Motion for Acquittal & Proposed Findings
CR 07-00721 EDL                4

1  *Krull*, 240 F.2d at 128.

2       As an officer of the U.S. Park Police, Officer Wu had the ability to establish whether the
3  alleged incident occurred within federal jurisdiction, but failed to do so both in his testimony and
4  in his underlying investigation.  Officer Wu made no attempt in his testimony to demonstrate the
5  boundaries of Fort Mason, establish that the incident described by Ms. Redman took place within
6  such boundaries or otherwise place the alleged incident within the confines of federal
7  jurisdiction.  In fact, Officer Wu *could not* have assisted the government in accomplishing this
8  most crucial of obligations because, as he admitted at trial, he had neither witnessed the incident
9  nor personally visited the scene.  *See* Reporter's Transcript at 27:1-3; 26:14-25.

## CONCLUSION

11       The incident described at trial took place at a temporary gate, erected only for purposes
12  of the San Francisco Blues Festival.  *See id*. at 9:5-9.  Given the absence of evidence establishing
13  that this gate was located within the special maritime and territorial jurisdiction of the United
14  States, the government has not proved beyond a reasonable doubt this essential element of the
15  offense with which Mr. Maker is charged.  For the foregoing reasons, Mr. Andrew Maker
16  respectfully requests that this Court enter a judgement of acquittal on his behalf.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

18       Four witnesses testified in the trial of Mr. Andrew Maker.  Only two such witnesses,
19  Connie Sue Redman and Mr. Maker, were actually present during any incident that may have
20  occurred between them.  On direct examination, Mr. Maker emphatically denied that he assaulted
21  Ms. Redman.  Transcript, at 32:19-23.  He was not cross-examined, and thus is contradicted only
22  by the testimony of Ms. Redman.  In light of the conflicting evidence presented at trial and the
23  arguments set forth above in support of his motion for acquittal, Mr. Maker asserts that the
24  government has not proved beyond a reasonable doubt the allegations set forth against him.
25  Accordingly, Mr. Maker submits the following proposed findings of fact and conclusions of law.
26  ///

**A.    Findings of Fact**

1. The government has not proved beyond a reasonable doubt that any incident between Mr. Maker and Ms. Redman took place within the special maritime and territorial jurisdiction of the United States.

2. The government has not proved beyond a reasonable doubt that Mr. Maker intentionally spat in the face of Connie Sue Redman.

3. The government has not proved beyond a reasonable doubt that Mr. Maker otherwise willfully attempted to inflict injury upon Ms. Redman.

4. The government has not proved beyond a reasonable doubt that Mr. Maker threatened to inflict injury upon Ms. Redman and appeared to have the present ability to do so such that Ms. Redman had a reasonable apprehension of immediate bodily harm.

**B.    Conclusions of Law**

1. Mr. Maker is not guilty of simple assault as defined in 18 U.S.C. § 113(a)(5).

Dated: July 11, 2008

                                      Respectfully submitted,

                                      BARRY J. PORTMAN
                                      Federal Public Defender

                                      /s/

                                      ERIC MATTHEW HAIRSTON
                                      Assistant Federal Public Defender