JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6809
    FAX: (415) 436-7234
    E-mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0721 EDL |
| ) | |
| Plaintiff, ) | UNITED STATES' SUPPLEMENTAL |
| ) | PROPOSED CONCLUSIONS OF LAW |
| v. ) | |
| ) | |
| ANDREW MAKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    The United States respectfully submits the following supplemental proposed conclusions of law. The United States reserves the right to amend, supplement, or modify these proposed conclusions.

**I. SUPPLEMENTAL CONCLUSIONS OF LAW**

1. Title 18 of the United States Code, Section 113(a)(5) provides that "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows . . . (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both." 18 U.S.C. § 113(a)(5).

2. In order for a federal court to exercise jurisdiction over a criminal action, the offense

must have occurred within "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be." 18 U.S.C. § 7(3) (2000); *see also Volk v. U.S.*, 57 F. Supp. 2d 888, 893 (N.D. Cal. 1999).

3. As part of the Golden Gate National Recreation Area, Fort Mason is administered by the National Park Service per Title 16, United States Code, Section 460bb-3(a), which provides: "The Secretary [of the Interior] shall administer the lands, waters and interests therein acquired for the [Golden Gate National] recreation area in accordance with the provisions of sections 1, 2, 3, and 4 of this title."

4. In *Volk v. U.S.*, defendant moved for judgment of acquittal on the grounds that the government had failed to establish the jurisdictional element that the crime took place in the Presidio. The Court denied defendant's motion, stating:

> Defendant first argues that the trial court lacked subject matter jurisdiction because the government presented insufficient evidence that the offense took place in the Presidio. This argument is not well taken. It is undisputed that the defendant was stopped near the intersection of Funston and Lincoln Boulevards. Nor is it disputed that these streets are within the Presidio, which in turn is under federal jurisdiction. During the testimony of Officer West--in which he identified the area of the stop as being located within the Presidio--the government established that he is a U.S. Park police officer responsible for patrolling the Presidio with personal knowledge of the area and its boundaries. The government also elicited testimony from Officer West that the Presidio was under federal jurisdiction. The officer actually drew diagrams for the Court to illustrate these points. Therefore, the government presented sufficient evidence to establish subject matter jurisdiction. *Volk*, at 893.

5. In a footnote, the *Volk* Court noted as follows: "Furthermore, even if the government had failed to establish that the Presidio falls within the jurisdiction of the United States, this Court would take judicial notice of that fact pursuant to Federal Rule of Evidence 201...[T]he Court would merely be taking notice of the fact that the Presidio is under federal jurisdiction, the government having already demonstrated that the offense occurred in the Presidio. Aside from being widely recognized within the Northern

1  District of California, this undisputed fact has been formally confirmed both legislatively
2  and judicially. See, e.g., Pub.L. 104-333, 110 Stat. 4097; *United States v. Watkins*, 22
3  F.2d 437 (N.D. Cal. 1927)." *Volk*, at 893.

6. The fact that the witnesses testified the events took place at Fort Mason is sufficient evidence for the Court to conclude that the events did, in fact, take place at Fort Mason. <u>United States Proposed Findings of Fact</u>, ¶ 1-6. *See United States v. Coutchavlis*, 260 F.3d 1149 (9th Cir. 2001)(where an officer testified events took place between two points both located in Yosemite National Park, the Court reasonably concluded that the federal jurisdictional element was met since both locations are within Yosemite National Park).

7. Furthermore, "[a]ll courts of justice are bound to take judicial notice of territorial extent of jurisdiction exercised by government whose laws they administer, or of its recognition or denial of sovereignty of foreign power, as appearing from public acts of legislature and executive, although those acts are not formally put in evidence, nor in accord with pleadings." *Jones v United States*, 137 U.S. 202, 214 (1890). This court may also take judicial notice of the existence of federal jurisdiction. *Volk v. U.S.*, 57 F. Supp. 2d 888 (N.D. Cal. 1999); *see also United States v. Smith*, 282 F.3d 758, 767 (9th Cir. 2002)("A district court may determine as a matter of law the existence of federal jurisdiction over the geographic area, but the locus of the offense within that area is an issue for the trier of fact.")(internal quotation marks omitted); *United States v Lavender*, 602 F.2d 639 (4th Cir. 1979)(Court may take judicial notice of fact that criminal offenses took place on Blue Ridge Parkway, United States park, and as such was within federal jurisdiction under 18 U.S.C. § 7); *United States v Blunt,* 558 F.2d 1245 (6th Cir. 1977)(Court would have been correct in taking judicial notice of fact that federal prison was within territorial jurisdiction of United States).

For the foregoing reasons, the Court should deny defendant's motion for judgment of acquittal on the grounds that the defendant has failed to establish that no rational trier of fact

//
//

1  could have found the essential elements of the crime beyond a reasonable doubt. Fed. R. Crim.
2  P. 29(a). The Court should also find the defendant guilty of simple assault.

3  DATED: July 13, 2008                              Respectfully submitted,
4
5                                                    JOSEPH P. RUSSONIELLO
                                                     United States Attorney
6
7                                                    _____/s/_____
                                                     WENDY THOMAS
8                                                    Special Assistant United States Attorney